**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 9 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| ROBIN PAULSON, Individually And As EXECUTRIX OF THE ESTATE OF MICHAEL E. PAULSON, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCIPAL FINANCIAL SERVICES, INC.; CHARLES SCHWAB & CO., INC.; CLAUDIA A. PAULSON; PAUL I. PAULSON; and JOSEPH M. PAULSON <br><br> Defendants. | Case No. 4:17 cv 505-SWW <br><br> (Removed from Pulaski County Circuit Court - Docket No. 60CV-17-3421) <br><br><br> This case assigned to District Judge Wright and to Magistrate Judge Harris |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Principal Life Insurance Company, improperly named as Principal Financial Services, Inc. (hereinafter, "Principal"), through undersigned counsel, hereby removes the referenced case from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas, Little Rock Division.[1]  In support of this Notice of Removal, Principal states the following:

1.    On July 6, 2017, Plaintiff Robin Paulson, Individually and as Executrix of the Estate of Michael E. Paulson, Deceased ("Plaintiffs") filed a Complaint against Defendants in the Circuit Court of Pulaski County, Arkansas.  The lawsuit is captioned *Robin Paulson, Individually and as Executrix of the Estate of Michael E. Paulson, Deceased vs. Principal*

---

[1]    The arguments and law raised in this Notice of Removal are for the purposes of removal only.  By the assertion or omission of any argument or reliance upon any law, Principal does not intend to waive and specifically reserves its rights to assert any defenses and/or objections to which it may be entitled to assert through dispositive motions or otherwise.

*Financial Services, Inc.; Charles Schwab & Co., Inc.; Claudia A. Paulson; Paul I. Paulson; and Joseph M. Paulson*, Case No. 60CV-17-3421.

## PROCEDURAL REQUIREMENTS

1.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 83(a)(2) and 1441(a) because the United States District Court for the Eastern District of Arkansas, Little Rock Division, is the federal jurisdiction embracing the Circuit Court of Pulaski County, Arkansas, where this action was originally filed.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all process are attached collectively hereto as **Exhibit 1**.

3.      Under 28 U.S.C. § 1446(b), this Notice of Removal may be filed by Principal within 30 days of service of the Complaint and summons upon it. Principal was served with process on July 10, 2017. Accordingly, this Notice of Removal is filed within thirty days of such service and is timely under 28 U.S.C. § 1446(b).

4.      The time for Principal to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5.      Concurrent with the filing of this Notice, Principal is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court of Pulaski County, Arkansas. *See* **Exhibit 2**, Notice of Filing Notice of Removal.

6.      According to the State-court docket, the only defendants properly joined and served at the time of filing this removal are Principal and Charles Schwab & Co., Inc. Undersigned counsel has communicated with counsel for defendant Charles Schwab & Co. and has been advised that Schwab has no objection to the matter being removed to Federal Court.

-2-

7.     By filing a Notice of Removal in this matter, Principal does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Principal specifically reserves its rights to assert any defense and/or objections to which it may be entitled.

8.     As required by 28 U.S.C. § 1446(d), Principal will promptly file a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the Clerk of the Circuit Court of Pulaski County, Arkansas.

9.     As shown below, this case is removable to federal court based on federal question, codified as 28 U.S.C. § 1331, because Plaintiff's claims for benefits necessarily arise under the Employee Retirement Income Security Act ("ERISA"), which gives federal courts jurisdiction as to those claims, and diversity jurisdiction, codified as 28 U.S.C. § 1332(a), because the parties are diverse.

10.    Removal is proper because this is a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Plaintiff's Complaint sets forth claims which "aris[e] under the . . . laws . . . of the United States, thereby giving rise to jurisdiction under 28 U.S.C. § 1331.

## FEDERAL QUESTION

11.    Ordinarily, removal under 28 U.S.C. § 1441 requires that the complaint reflect on its face that a claim stated therein arises under federal law. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003). There is, however, an exception to this "well-pleaded complaint rule". "When a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quotations and citation omitted). This is so because "[w]hen the federal statute

-3-

completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 208 (citations omitted). "ERISA is one of these statutes." *Id.*

12. This Court has "federal question" jurisdiction because Plaintiff's Complaint asserts causes of action that fall within the scope of ERISA. The Supreme Court has explained that ERISA "converts an ordinary state common law complaint into one stating a federal claim," and "[h]ence causes of action within the scope of the civil enforcement provisions of section 502(a) [of ERISA] are removable to federal court." *Davila*, 542 U.S. at 209. This "complete preemption" occurs where (1) the plaintiff "could have brought his claim under ERISA § 502(a)(1)(B)," and "there is no other independent legal duty that is implicated by [the] defendant's actions." *Id.* at 210. Stated another way, complete preemption occurs where, even if the alleged unlawful act could be redressed under state common law, such redress would constitute nothing more than "an alternate enforcement mechanism" to ERISA § 502. *Frances Darcangelo v. Verizon Communications*, 292 F.3d 181, 195 (4th Cir. 2002).

13. Section 502(a) provides, in pertinent part, that a "participant" or "beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

14. A "beneficiary" under Section 502(a) is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

15. As shown in Plaintiff's Complaint, the claims asserted against Principal relate to the decedent's retirement account, Complaint at ¶ 8, the Retirement Plan for Employees of the

-4-

First State Bank (the "Plan"), administered by the decedent's former employer, The First State Bank, and governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").[2]  As alleged by Plaintiff, the decedent's ex-wife, Claudia Ann Paulson, was named as the beneficiary in the event of his death.  Exhibit "1," Complaint, at ¶ 8.  Thereafter, Mr. Michael E. Paulson died.

16.     While Plaintiff may claim she is seeking recognition that certain monies contained within the Plan be treated as decedent's property at the time of an alleged divorce, Plaintiff's lawsuit is premised on the fact that she has not received benefits under the ERISA Plan, and seeks damages in that amount.     Thus, based on the allegations of the Complaint, Plaintiff seeks benefits as a beneficiary under Section 1132(a) of ERISA.  See Exhibit 1, ¶ 8, 13-14.  "ERISA's express pre-emption clause states that the Act 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ....'" *Boggs v. Boggs*, 520 U.S. 833, 841, 117 S.Ct. 1754, 1760 (1997) (discussing preemption of state- law by ERISA).

17.     Furthermore, the Complaint does not identify any "independent legal duty" owed by Principal to Plaintiff.  A legal duty is "independent" if "it is not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed." *New Jersey Carpenters and the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 303 (3d Cir. 2014) (quotations and citations omitted).  Here, the sole basis for Plaintiff's lawsuit is her alleged entitlement to benefits under ERISA plans.  Had these plans never existed, she would never have filed suit.

18.     Because Plaintiff asserts claims that could have been asserted under ERISA  § 502(a), and those claims are not based on any independent legal duty owed by the Defendants to

---

[2] The Plan is a Defined Benefit Plan governed by ERISA.

Plaintiff, the claims are completely preempted by ERISA and this case presents a federal question under 28 U.S.C. § 1331. *See Davila*, 542 U.S. at 210; *see also Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999)("Causes of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact that the claims are couched in terms of state law. (internal citations omitted) Not only does this complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section 502(a). (citations omitted)").

19.     Accordingly, removal is proper pursuant to 28 U.S.C. § 1441, in that the captioned matter is a "civil action arising under the Constitution, laws, or treaties of the United States," and, specifically, a claim for benefits under an ERISA plan. *See* 28 U.S.C. § 1331; 29 U.S.C. § 1001, *et seq.*

## DIVERSITY OF CITIZENSHIP

20.     As alleged in the Complaint, Plaintiff is a citizen of Florida. Complaint, ¶ 1.

21.     Principal is an Iowa corporation with its principal place of business in Des Moines, Iowa.

22.     Plaintiffs allege that Defendant Charles Schwab is a California corporation. Upon information and belief, Charles Schwab's principal place of business is in California.

23.     Plaintiffs allege that Defendants Claudia A. Paulson, Paul I. Paulson and Joseph M. Paulson are believed to be citizens of Oklahoma. Complaint, ¶¶ 4-6.

24.     As Plaintiff is a citizen of Florida and none of the Defendants are citizens of Florida, complete diversity of citizenship exists between the parties.

## AMOUNT IN CONTROVERSY

25.     Plaintiff's Complaint asserts claims against Defendants arising from decedent's employee retirement and investment accounts.  Specifically, Plaintiff claims entitlement to "all right, title and interest" to "decedent's retirement and investment accounts" and seeks an Order requiring Defendants Schwab and Principal to pay the balances of the accounts and declaring that Defendants Claudia A. Paulson, Paul I. Paulson and Joseph M. Paulson are not entitled to any portion of the subject accounts.

26.     The total amount payable to the beneficiary exceeds $75,000.00 and, therefore, the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has been met and this case is removable under 28 U.S.C. § 1441.  Pursuant to the terms of the Plan, the death benefit payable to the beneficiary shall be paid out as a "single life annuity with a 10-year certain period."  The monthly annuity payment payable to the beneficiary is approximately $1,198.00 per month.  Under a "single life annuity with a 10-year certain period," monthly payments would be payable for at least ten years, and would continue thereafter until the beneficiary's death.  Payments of $1,198.00 per month for ten years is $143,760.00.

27.     Further, Plaintiff seeks additional monies in an account/accounts with defendant Charles Schwab Co., Inc.

28.     Because the minimum amount in controversy is satisfied and there is complete diversity of citizenship between Plaintiff and Defendants, this case is properly removable to this Court.

WHEREFORE, notice is given that this action is removed from the Circuit Court of Pulaski County, Arkansas to the United State District Court for the Eastern District of Arkansas at Little Rock for further proceedings and disposition.

Respectfully submitted,

Robert F. Tom   *by SKB*

Robert F. Tom (Ark. Bar No. 2013026)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2159
Facsimile: (901) 577-0818
rtom@bakerdonelson.com

*AND*

Brian M. Ballay (*Pro Hac Vice
Application To be Submitted*) (La. Bar
No. 29077)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-3930
bballay@bakerdonelson.com

COUNSEL FOR PRINCIPAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following counsel of record, via electronic mail and regular mail, on August 9, 2017:

Danny R. Crabtree
Attorney at Law
114 S. Pulaski Street
Little Rock, Arkansas 72201
(501) 372-0080
danny.crabtree@sbcglobal.net

*Counsel for Plaintiff*

Rachael Lundy
Corporate Legal Group
Charles Schwab
P.O. Box 636010
Highlands Ranch, CO 80163

*Counsel for Defendant Charles Schwab & Co.*

Robert F. Tom by SKB

# DANNY R. CRABTREE

**DANNY R. CRABTREE**
ATTORNEY
danny.crabtree@sbcglobal.net

**ATTORNEY AT LAW**
**114 SOUTH PULASKI**
**STREET**
**LITTLE ROCK, AR 72201**
(501) 372-0080
Fax (501) 372-2999

**KAREN BLAIR**
LEGAL ASSISTANT
blair.karen@sbcglobal.net

## CERTIFIED MAIL-RETURN RECEIPT REQUESTED
## RESTRICTED DELIVERY
## 7015 3010 0001 7531 0415

**RECEIVED**

**JUL 1 1 2017**

**LEGAL DEPARTMENT**

July 7, 2017

Principal Financial Services, Inc.
c/o  Karen E. Shaff, Reg. Agent
711 High Street
Des Moines, IA, 50392

Re:    Robin Paulson, Ind. and as Administrator vs. Principal Financial Services, et al.
       Pulaski County Circuit Case No. 60CV-17-3421

To Whom It May Concern:

        You are hereby notified that a lawsuit has been filed and that the relief requested
is stated in the attached Summons and Complaint.

        The Summons and Complaint will be considered admitted and a judgment may be
entered for the relief asked in the aforementioned documents unless a pleading is filed
and the named defendant referred to herein appears and presents a defense.  The pleading
or answer must meet the following requirements:

1.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil
    Procedures.

2.  It must be filed in the Pulaski County Circuit Court within thirty (30) days
    from the day you are served with the aforementioned documents.

3.  A copy of your response must be delivered or mailed with sufficient postage
    to the attorney for the plaintiff.

        If you desire legal representation you should immediately contact your attorney so
that an answer can be filed within the time allowed.

                                                Sincerely,

                                                Danny R. Crabtree
                                                Attorney at Law

DRC/kb
cc: file
enclosures



EXHIBIT
**1**

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. MACKIE M. PIERCE - 17TH DIVISION 6TH CIRCUIT**

ROBIN PAULSON V PRINCIPAL FINANCIAL SERVICES, ET A

60CV-17-3421

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

PRINCIPAL FINANCIAL SERVICES, INC.
N/A
N/A, AR  N/A

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Danny Crabtree
114 S. Pulaski
Little Rock, AR  72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT

BETTINA BOUGHTER, DC

Date: 07/07/2017

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 07/07/2017

No. 60CV-17-3421 This summons is for PRINCIPAL FINANCIAL SERVICES, INC. (name of Defendant).

## PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❑ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❑ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❑ Other [specify]:
_____

❑ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
[Signature of server]


_____
[Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:
_____
_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jul-06  16:32:17
60CV-17-3421
C06D17 : 3 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 17th DIVISION

ROBIN PAULSON, Individually and as
EXECUTRIX OF THE ESTATE OF
MICHAEL E. PAULSON, Deceased                                    PLAINTIFF

VS.                            CASE NO.: 60CV-17-_3421___

PRINCIPAL FINANCIAL SERVICES, INC.;
CHARLES SCHWAB & CO., INC.;
CLAUDIA A. PAULSON;
PAUL I. PAULSON; and
JOSEPH M. PAULSON                                              DEFENDANTS

### COMPLAINT

Plaintiff, by and through counsel, for her Complaint states:

1.      Plaintiff is an individual and resident of Walton County, Florida.  She is also the

Executrix of the Estate of Michael E. Paulson, which is pending in Pulaski County, Arkansas;

Pulaski County Circuit Case No. 60PR-17-756.

2.      Defendant Principal Financial Services, Inc. ("Principal") is an Iowa corporation

doing business in and throughout Arkansas, particularly Pulaski County.

3.      Defendant Charles Schwab & Co., Inc. ("Schwab") is California corporation

doing business in and throughout Arkansas, particularly Pulaski County.

4.      Claudia A. Paulson is believed to be an individual and resident of Oklahoma.

5.      Paul I. Paulson is believed to be an individual and resident of Oklahoma.

6.      Joseph M. Paulson is believed to be an individual and resident of Oklahoma.

7.      Jurisdiction and venue are proper with this Court.

8.      At the time of his death, Decedent Michael E. Paulson had as account with

defendant Principal (account ending in 3177).  Principal contends that Decedent had completed a

beneficiary form in 1988 and listed defendant Claudia Paulson as the primary beneficiary.

However, decedent and Claudia Paulson were divorced on June 10, 2004. Pursuant to the divorce decree, decedent was awarded all right, title and interest to his retirement and investment accounts. Defendant Claudia Paulson was completely divested of any claim she might have to the decedent's retirement and investment accounts.

9.      At the time of his death, Decedent Michael E. Paulson had an account with defendant Schwab (accounting ending in 441). Schwab contends that Decedent had completed a beneficiary form prior to June 2004) and listed defendant Claudia Paulson as the primary beneficiary. However, decedent and Claudia Paulson were divorced on June 10, 2004. Pursuant to the divorce decree, decedent was awarded all right, title and interest to his retirement and investment accounts. Defendant Claudia Paulson was completely divested of any claim she might have to the decedent's retirement and investment accounts.

10.      Despite demand to do so, Principal and Schwab have failed and refused to pay over to plaintiffs the amounts contained in the respective accounts.

11.      Defendant Paul I. Paulson is named herein as he might claim some interest in the subject accounts. However, said defendant's claim is inferior to the claim of plaintiffs.

12.      Defendant Joseph M. Paulson is named herein as he might claim some interest in the subject accounts. However, said defendant's claim is inferior to the claim of plaintiffs.

13.      Plaintiffs seek a judgment declaring that plaintiffs are entitled to the subject accounts and separate defendants Claudia Paulson, Paul I. Paulson and Joseph M. Paulson are not entitled to any portion of the subject accounts.

14.      Plaintiffs further seek an Order requiring defendants Schwab and Principal to pay over the balances of the subject accounts to plaintiff.

15.      Plaintiffs should be awarded attorneys fees and courts costs.

WHEREFORE, Plaintiffs pray for judgment in plaintiffs favor for the relief set forth above; for attorney's fees and court costs, and for all other just and proper relied to which they are entitled.

Respectfully submitted,

/s/Danny R. Crabtree
Danny R. Crabtree (2004006)
Attorney at Law
114 S. Pulaski Street
Little Rock, Arkansas 72201
(501) 372-0080
danny.crabtree@sbcglobal.net

DANNY R. CRABTREE
ATTORNEY AT LAW
114 S PULASKI STREET
LITTLE ROCK, AR 72201



CERTIFIED MAIL

7015 3010 0001 7531 0415

Principal Financial Services, Inc.
c/o  Karen E. Shaff, Reg. Agent
711 High Street
Des Moines IA 50392-0001



$11.720
US POSTAGE
FIRST-CLASS
FROM 72201
JUL 07 2017
stamps.com

12 REC'D AT 12
JUL 11 2017
PRINCIPAL FINANCIAL GROUP

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

ROBIN PAULSON, Individually And As )
EXECUTRIX OF THE ESTATE OF MICHAEL )
E. PAULSON, Deceased, )
)
    Plaintiff, )
)     Case No. 60CV-17-3421
)
    vs. )
)
PRINCIPAL FINANCIAL SERVICES, INC.; )
CHARLES SCHAWB & CO., INC.; CLAUDIA )
A. PAULSON; PAUL I. PAULSON; and )
JOSEPH M. PAULSON, )
)
    Defendants. )

## NOTICE OF FILING OF NOTICE OF REMOVAL

Comes now Principal Life Insurance Company, improperly named as Principal Financial Services, Inc. (hereinafter, "Principal"), and gives notice that it has removed the captioned case to the United States District Court for the Eastern District of Arkansas, Little Rock Division, by filing a Notice of Removal with the United States District Court on August 9, 2017. A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit 1 and incorporated herein by reference.



Respectfully submitted,

_Robert F. Tom_

Robert F. Tom (Ark. Bar No. 2013026)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 577-2159
Facsimile: (901) 577-0818
Email: rtom@bakerdonelson.com

COUNSEL FOR PRINCIPAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record, via regular mail, on the 9th day of August, 2017 upon:

Danny R. Crabtree
Attorney at Law
114 S. Pulaski Street
Little Rock, Arkansas 72201
(501) 372-0080
danny.crabtree@sbcglobal.net

Rachael Lundy
Corporate Legal Group
Charles Schwab
P.O. Box 636010
Highlands Ranch, CO 80163

_Robert F. Tom_